Matter of Amedure v State of N.Y. (2022 NY Slip Op 06096)

Matter of Amedure v State of N.Y.

2022 NY Slip Op 06096

Decided on November 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 1, 2022

CV-22-1955
[*1]In the Matter of Rich Amedure et al., Respondents-Appellants,
v
State of New York et al., Appellants-Respondents, and Minority Leader of the Senate of the State of New York et al., Respondents-Appellants, and New York State Board of Elections, Respondent. New York Civil Liberties Union et al., Proposed Intervenors-Appellants-Respondents.

Calendar Date:November 1, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ.

Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for State of New York and another, appellants-respondents.
E. Stewart Jones Hacker Murphy, LLP, Troy (Benjamin F. Neidl of counsel), for Senate of the State of New York and others, appellants-respondents.
Hodgson Russ LLP, Albany (Christopher Massaroni of counsel), for Assembly of the State of New York and others, appellants-respondents.
Messina, Perillo & Hill, LLP, Sayville (John Ciampoli of counsel) and Fusco Law Office, Albany (Adam Fusco of counsel), for Rich Amedure and others, respondents-appellants.
DerOhannesian & DerOhannesian, Albany (Paul DerOhannesian II of counsel), for Minority Leader of the Senate of the State of New York and another, respondents-appellants.
New York State Board of Elections, Albany (Brian L. Quail of counsel), for New York State Board of Elections, Democratic Election Commissioners, respondents.
New York State Board of Elections, Albany (Kevin G. Murphy of counsel), for New York State Board of Elections, Republican Election Commissioners, respondents.
New York Civil Liberties Union Foundation, New York City (Perry Grossman of counsel), for New York Civil Liberties Union and others, proposed intervenors-appellants-respondents.
Elias Law Group LLP, Washington, DC (Aria C. Branch of counsel, admitted pro hac vice) and Dreyer Boyajian LLP, Albany (James R. Peluso of counsel), for DCCC and others, proposed intervenors-appellants-respondents.
New York State United Teachers, Latham (Robert T. Reilly of counsel), for New York State United Teachers, amicus curiae.

Per Curiam.
(1) Appeal from two orders of the Supreme Court (Dianne N. Freestone, J.), entered October 17, 2022 in Saratoga County, which, in a combined proceeding pursuant to Election Law article 16 and action for declaratory judgment, denied proposed intervenors' motions to intervene, (2) cross appeals from an order of said court, entered October 21, 2022 in Saratoga County, which, among other things, granted petitioners' application to declare that Laws of 2021, chapter 763 is unconstitutional and dismissed petitioners' application to declare that Laws of 2022, chapter 2 (which amended L 2020, ch 139, as codified in Election Law § 8-400) to be unconstitutional, (3) appeal from an amended order of said court, entered October 25, 2022 in Saratoga County, which granted petitioners' motion for a preservation order, and (4) nine motions for various relief.
Petitioners — the New York State Republican Party and its chair, the New York State Conservative Party and its chair, the chair of the Saratoga County Republican Party, the Saratoga County Republican Committee, two commissioners of local boards of elections, a member of the New York State Assembly, a candidate for the State Senate and a registered voter — commenced this hybrid action/proceeding against respondents seeking, among other things, a declaration that Laws of 2021, chapter 763, which amended the process upon which absentee ballots are canvassed and counted pursuant to Election Law § 9-209, is unconstitutional. Petitioners also sought a declaration that Laws of 2022, chapter 2 (which amended L 2020, ch 139, as codified in Election Law § 8-400) is unconstitutional. The amendment in Laws of 2020, chapter 139 expanded the definition of illness for purposes of applying for an absentee ballot to include the situation where a voter is unable to appear at the polling place because there is a risk of contracting or spreading a communicable disease. The amendment's original sunset clause of January 1, 2022 was extended to December 31, 2022 (L 2022, ch 2, § 1). Petitioners also requested injunctive relief enjoining the enforcement of the challenged statutory provisions.
Respondents State of New York, Governor of the State of New York, New York State Board of Elections, Senate of the State of New York, Majority Leader and President Pro Tempore of the Senate, Assembly of the State of New York and Speaker of the Assembly (hereinafter collectively referred to as respondents) moved to dismiss on several grounds, including that petitioners lacked standing and that the proceeding/action is barred by the doctrine of laches.
Two groups of proposed intervenors — the DCCC, a candidate for Congress, the New York State Democratic Committee and its chair, the Wyoming County Democratic Committee and its chair and four registered voters who have applied for absentee ballots, and the New York Civil Liberties Union, Common Cause New York and three registered voters — moved to intervene. In two orders entered October 17, 2022[*2], Supreme Court denied both motions to intervene, but permitted the proposed intervenors to participate as amici curiae. The proposed intervenors appeal from those orders.
In an order entered October 21, 2022, Supreme Court partially granted petitioners' requested relief as to Laws of 2021, chapter 763, declaring it unconstitutional. The court, however, granted respondents' motion to dismiss petitioners' causes of action as to Election Law § 8-400 (1) (b), finding that it was constrained to follow a recent Fourth Department decision that found that Election Law § 8-400 was constitutional (Ross v State of New York, 198 AD3d 1384 [4th Dept 2021]). Finally, in an amended order entered October 25, 2022, the court granted petitioners' motion for a preservation order, ordering that the State Board of Elections direct all local boards of elections to preserve and hold inviolate all absentee, military, special, special federal and affidavit ballots, as well as all voting records and election materials, until the date upon which a post-election day canvass is scheduled. Respondents and the proposed intervenors appeal from that part of the October 21, 2022 order that denied the motion to dismiss the petition/complaint and granted petitioners' request for a declaration that Laws of 2021, chapter 763 is unconstitutional, as well as the preservation order. Petitioners and respondents Minority Leaders of the Senate and Assembly cross-appeal from the order entered October 21, 2022.
Initially, we find that the motions to intervene should have been granted.[FN1] "Intervention is liberally allowed by courts, permitting persons to intervene in actions where they have a bona fide interest in an issue involved in that action" (Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201 [1st Dept 2010] [citation omitted]; accord Matter of Jermain, 122 AD3d 1175, 1177 [3d Dept 2014]). We agree with Supreme Court's finding that the proposed intervenors have a substantial interest in the outcome of this proceeding/action. Moreover, we cannot conclude that granting the motions to intervene would create undue delays or prejudice. Accordingly, the motions to intervene should have been granted (see CPLR 401, 1013).
As to petitioners' causes of action, we agree with respondents that the petition/complaint should be dismissed pursuant to the doctrine of laches.[FN2] "[I]t is well settled that where neglect in promptly asserting a claim for relief causes prejudice to one's adversary, such neglect operates as a bar to a remedy and is a basis for asserting the defense of laches" (Matter of Save the Pine Bush v New York State Dept. of Envtl. Conservation, 289 AD2d 636, 638 [3d Dept 2001] [internal quotation marks and citation omitted], lv denied 97 NY2d 611 [2002]; see Matter of League of Women Voters of N.Y. State v New York State Bd. of Elections, 206 AD3d 1227, 1229 [3d Dept 2022], lv denied 38 NY3d 909 [2022]). "The essential element is delay prejudicial to the opposing [*3]party" (Matter of League of Women Voters of N.Y. State v New York State Bd. of Elections, 206 AD3d at 1229 [internal quotation marks, ellipsis and citations omitted]). The actual time periods of the delay "do not in and of themselves resolve this issue" and a court "must examine and explore the nature and subject matter of the particular controversy, its context and the reliance and prejudicial impact on [respondents] and others materially affected" (Matter of Schulz v State of New York, 81 NY2d 336, 347 [1993]). "Broadly stated, the profound destabilizing and prejudicial effects from delay may be decisive factors" (id. at 347-348).
Due to a notable increase in the number of absentee ballots requested and returned in the 2020 general election as a result of the COVID-19 pandemic, there were significant delays in reporting the results in many races (see New York Committee Report, Bill Jacket, L 2021, ch 763). In response to this, the Legislature amended Election Law § 9-209 in order to change, as relevant here, the process of canvassing absentee ballots "in order to obtain the results of an election in a more expedited manner and to ensure that every valid vote by a qualified voter is counted" (Sponsor's Mem, Bill Jacket, L 2021, ch 763). Prior to the amendments, Election Law § 9-209 required that the casting and canvassing of absentee ballots take place "no more than [14] days after a general or special election" (Election Law former § 9-209 [1] [e]). Under the amended statute, absentee ballots received by the Board of Elections prior to Election Day are reviewed by a set of poll clerks within four days of receipt of the ballot and ballots received on or after Election Day are reviewed within one day of receipt (see Election Law § 9-209 [1], [2]).[FN3]
The amendments also provided a new, more streamlined process of canvassing absentee ballots (see Election Law § 9-209 et seq.). Under this process, after an initial inspection of the ballot envelope is undertaken — to determine whether there is a name on the ballot envelope and, if so, whether the name is that of a registered voter, and that the ballot was timely received and properly sealed (see Election Law § 9-209 [2] [a]) — the ballot is thereafter presumed valid unless both poll clerks object to its validity (see Election Law § 9-209 [2] [g]; [3] [e]).[FN4] If presumed valid at that point, the ballots shall be prepared for counting, meaning that "the ballot envelope shall be opened, the ballot or ballots withdrawn, unfolded, stacked face down and deposited in a secure ballot box or envelope" (Election Law § 9-209 [2] [d]). Pursuant to Election Law § 9-209 (6) (b), beginning on the day before the first day of early voting, all valid ballots shall be placed in the counting machine and scanned.[FN5]
As to the amendments to Election Law § 8-400, pursuant to NY Constitution, article II, § 2, the Legislature may provide a manner whereby qualified voters who "may be unable to appear personally at the polling [*4]place on election day because of illness or physical disability, may vote." In response to the continued concerns attendant to COVID-19, the Legislature amended Election Law § 8-400 (1) (b) in August 2020, expanding the meaning of "illness" to include "instances where a voter is unable to appear personally at the polling place of the election district in which they are a qualified voter because there is a risk of contracting or spreading a disease that may cause illness to the voter or to other members of the public" (L 2020, ch 139, § 1). This amendment was scheduled to sunset on January 1, 2022 (L 2020, ch 139, § 2). The Legislature amended Election Law § 8-400 in 2022, extending its sunset clause from January 1, 2022 to December 31, 2022 (L 2022, ch 2, § 1).
Petitioners commenced this proceeding/action challenging the constitutionality of the new process of canvassing absentee ballots in Election Law § 9-209 nine months after it was enacted, after the process was in effect for two primary elections and several special elections, and at the time that canvassing of absentee ballots using the new process began in the 2022 general election. The amendment to Election Law § 8-400 was enacted in 2020 and has been in effect for multiple general, primary and special elections but petitioners did not challenge the statute until nine months after the sunset clause was extended and after the mailing of absentee ballots had already begun.[FN6] In short, petitioners delayed too long in bringing this proceeding/action. To the extent that petitioners contend that they did not bring the challenges until they were ripe, the action constitutes facial challenges to the statutes, implicating their text, not their applications, and, therefore, the action was ripe at the time of the enactment of the statutes (see Matter of Real Estate Bd. of N.Y., Inc. v City of New York, 165 AD3d 1, 9 [1st Dept 2018]). Petitioners' remaining explanations for the delay in bringing the proceeding/action are unpersuasive. Moreover, the granting of petitioners' relief would result in substantial prejudice. According to an affidavit from counsel for the Board of Elections, over 488,000 absentee ballots had been mailed and over 127,000 had been returned as of October 24, 2022. Pursuant to the process as outlined in Election Law § 9-209, those ballots that have been returned will have already been reviewed and those ballots found valid have been counted (see Election Law § 9-209 [2] [f]; [6] [b]).[FN7] Further, granting relief as to Election Law § 8-400 would result in voters being treated differently during this election depending on when they returned their ballots; those absentee ballots that have already been returned were canvassed under the new process, while any ballots returned going forward could not be similarly canvassed. Such disparate treatment cannot be countenanced.
Additionally, election matters are extremely time sensitive and finding these statutes unconstitutional at this late [*5]date would impose "impossible burdens" upon the State and local Boards of Elections to conduct this election in a timely and fair manner (Matter of League of Women Voters of N.Y. State v New York State Bd. of Elections, 206 AD3d at 1230). In our view, granting petitioners the requested relief during an ongoing election would be extremely disruptive and profoundly destabilizing and prejudicial to candidates, voters and the State and local Boards of Elections. Under these circumstances, petitioners' delay in bringing this proceeding/action precludes the constitutional challenges in this election cycle, and warrants dismissal of the petition/complaint based upon laches (see Matter of League of Women Voters of N.Y. State v New York State Bd. of Elections, 206 AD3d at 1230; Matter of Quinn v Cuomo, 183 AD3d 928, 931 [2d Dept 2020]).
In light of our decision, Supreme Court's amended order of preservation entered October 25, 2022 must also be reversed and vacated. Finally, there are eight motions that have been filed by the parties with this Court seeking various relief. In light of the above, each of these motions is academic and they are therefore denied.[FN8]
Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the motion by New York State United Teachers for permission to file a brief amicus curiae upon the appeal is granted, without costs, and the brief amicus curiae received on October 28, 2022 is accepted for filing.
ORDERED that the orders entered October 17, 2022 are reversed, on the law, without costs, and motions by proposed intervenors granted.
ORDERED that the order entered October 21, 2022 is modified, on the law, without costs, by reversing so much thereof as declared Laws of 2021, chapter 763 unconstitutional; motion to dismiss the petition/complaint is granted in its entirety; and, as so modified, affirmed.
ORDERED that the amended order entered October 25, 2022 is reversed, on the law, without costs.
ORDERED that the motions to intervene and motions for, among other things, a stay and to vacate stay are hereby denied, without costs, as academic.

Footnotes

Footnote 1: We also note that New York State United Teachers has moved before this Court for permission to file an amicus curiae brief in this matter. Upon our review of the papers in support of the application, said motion is granted and the amicus brief shall be accepted for filing and consideration (see 22 NYCRR 1250.4 [f]; 850.4 [d]).

Footnote 2: In reaching its decision, Supreme Court did not rule on respondents' motions to dismiss on laches and neither petitioners nor the Minority Leaders addressed this issue in their briefs on appeal.

Footnote 3: Poll clerks are assigned by the local board of elections and each set of poll clerks reviewing the ballots "shall be divided equally between representatives of the two major political parties" (Election Law § 9-209 [1]).

Footnote 4: The amendments list various defects on the ballot envelope that, although they initially invalidate a ballot, are "curable" (Election Law § 9-209 [3] [a]). These defects include the lack of a signature and a signature that does not correspond with the signature of the voter on file in the registration roll. Voters are then provided an opportunity to correct any curable defects and, provided one of the two poll clerks find that the defect was cured, the ballot is determined to be valid (see Election Law § 9-209 [3] [e]).

Footnote 5: According to the Board of Elections website, early voting began in New York on October 29, 2022 (see https://www.
elections.ny.gov).

Footnote 6: According to the Board of Elections, as of October 5, 2022, over 165,000 absentee ballots had been mailed.

Footnote 7: We note that a single justice of this Court signed multiple orders to show cause to bring on motions for a stay pending appeal and to vacate any stay of Supreme Court's October 21, 2022 order and the preservation order entered October 25, 2022. With respect to the motions for a stay and alternative relief, those orders to show cause granted temporary stays of the orders pending the November 1, 2022 return date on the motions.

Footnote 8: Those motions are as follows: (1) two motions dated October 25, 2022 and October 28, 2022 by petitioners to vacate a stay (2) two motions dated October 25, 2022 and October 26, 2022 to intervene by proposed intervenors, and (3) four motions for a stay or alternative relief by the State and Governor, Assembly Majority, Senate Majority and the DCCC. The Court has considered all papers in support and in opposition to said motions, as e-filed in the New York State Courts Electronic Filing system.